**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIFER YANUSKAVICH, | : | |
| | : | |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| DALLAS SCHOOL DISTRICT, | : | |
| | : | |
| Defendant | : | Electronically Filed |

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is conferred by 28 U.S.C. §1331 and 1343(a), as well as this Court's jurisdiction over pendent state claims.

2.    This action is authorized and instituted pursuant to the provisions of federal law, Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §§2000e, *et seq.*;  and, the Pennsylvania Human Relations Act, 43 P.S. §§951, *et seq.*  Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

3.    The unlawful employment practices and other actions alleged herein were committed within the Middle District of Pennsylvania.

4.    The amount in controversy in this matter exceeds One Hundred Thousand Dollars ($100,000.00).

## II.    PARTIES

5.      Plaintiff is an adult female individual who resides at 97 North Pioneer Avenue, Shavertown, Luzerne County, PA 18708.

6.      Defendant, Dallas School District, hereafter ("DSD"), is a school district constituted by the laws of the Commonwealth of Pennsylvania with its principal office located at 2000 Conyngham Avenue, Dallas, Luzerne County, PA 18612.

7.      Defendant employs more than three hundred (300) persons.

8.      At all times material hereto, Defendant engaged in business in the Commonwealth of Pennsylvania.

9.      At all times material hereto, Defendant was, and is, an employer within the meaning of Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act, in that Defendant, at all times material hereto, was engaged in an industry affecting interstate commerce, and has employed fifteen (15) or more employees for every working day in each of fifty (50) or more calendar weeks in the current and preceding calendar year.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      On or about January 27, 2025, Plaintiff filed an administrative charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC), which charge was dual filed with the Pennsylvania Human Relations Commission (PHRC).

11. By letter dated May 7, 2026, the EEOC issued to Plaintiff a notice of right to sue.

## IV. RIGHT OF EQUITABLE RELIEF

12. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is her only means of securing adequate relief.

## V. JURY TRIAL DEMANDED

13. Plaintiff demands a trial by jury in this matter.

## VI. FACTUAL ALLEGATIONS

14. At all times material hereto, Plaintiff was a regular education teacher at the Dallas Intermediate School and was the Assistant High School Softball Coach for Defendant.

15. Plaintiff commenced her work as the Assistant High School Softball Coach for Defendant in 2008 under the direction of Defendant's Head High School Softball Coach, Joyce Tinner, a female, who had served in that capacity for Defendant since 1996.

16. Plaintiff's appointment as Assistant High School Softball Coach for Defendant for the 2024-2024 school year is attached hereto and made a part hereof as Exhibit A.

17. At all times material hereto, Plaintiff was qualified to work as a regular education teacher at the Dallas Intermediate School and the Assistant High School Softball Coach for Defendant.

18. At all times material hereto, Plaintiff performed her duties as a regular education teacher at the Dallas Intermediate School and the Assistant High School Softball Coach for Defendant in a good, professional and competent manner.

19. On April 3, 2024, Plaintiff was suspended with pay from her employment as the Assistant High School Softball Coach for Defendant during a meeting with Defendant's administrators, specifically Jacob Sholtis (Director of Operations), Thomas Traver (Director of Elementary Curriculum and Dallas Intermediate School Principal).

20. At the April 3, 2024 meeting, Defendants' administrators told Plaintiff that an agent or agents of Defendant made a report of suspected abuse to Child Line against Plaintiff.

21. In fact, no such report was made against Plaintiff because at no time then or thereafter was any such report made known to Plaintiff by any other party, including, but not limited to, Luzerne County Children and Youth Services or the Dallas Township Police Department.

22. To the knowledge, information and belief of Plaintiff, there was no investigation of any such report by any agency, including, but not limited to, Luzerne County Children and Youth Services or the Dallas Township Police Department.

23.    Defendant made no investigation of any such report, then or thereafter.

24.    Plaintiff's suspension was memorialized by the letter of Jacob Sholtis, dated April 4, 2024, and attached hereto and made a part hereof as Exhibit B.

25.    Plaintiff's suspension was without cause.

26.    Not only was Plaintiff suspended from her work as the Assistant High School Softball Coach for Defendant, she was "directed to have no contact with any softball players or attend any softball related events, games or practices," per the letter of Mr. Sholtis.

27.    Defendant took no action against Plaintiff with regard to her work for it as a regular education teacher at the Dallas Intermediate School.

28.    The only reason stated by Mr. Sholtis for the actions taken against Plaintiff was that it was related to allegations brought to the attention of the District by the parent of a softball player.

29.    Plaintiff was not told what the allegations were that were supposedly brought to the attention of the District by the parent of a softball player.

30.    On October 2, 2024, Mr. Sholtis notified Plaintiff by letter that Defendant "received a police report indicating that the matter involving allegations made against [Plaintiff] with regards to alleged action while coaching has been closed'" and directed that Plaintiff reach out to the [Dallas Twp.] police for further information.  Mr. Sholtis's letter is attached hereto and made a part hereof as Exhibit C.

31.    Defendant did not provide Plaintiff with a copy of the report referenced by Mr. Sholtis's letter.

32.    Despite multiple requests by Plaintiff to the Dallas Township Police Department, the Dallas Township Police Department refused to provide to Plaintiff any information about the supposed investigation.

33.    Despite requests by and on behalf of Plaintiff, Defendant never rescinded the suspension nor the restrictions placed on Plaintiff.

34.    Plaintiff was suspended and made subject to the foregoing restrictions and limitations on account of her sex, being female.

35.    No male coach for Defendant, assistant or head coach, has been suspended by Defendant without both having been confronted with the factual basis for the suspension and/or having had supposed basis for the suspension be investigated by Defendant.

36.    Defendant has discriminated and discriminates against persons who coach female participation sports by comparison to persons who are male or coach male participation sports (and, in particular, with reference to softball) in terms of:

a) compensation

b) provision of equipment and uniforms for players

c) enforcement of rules as to communications with players, e.g., texting

d) availability of practice and game facilities

e) release time from teaching duties for the purpose of coaching or for other personal reasons

f) rigorousness of performance evaluations

g) supervision of coaches, e.g., in 2024, softball coaches could not practice or compete in games without the close physical presence of members of Defendant's administration

h) payment for the cost of substitute teachers when needed, e.g., when substitute teachers are needed for male coaches or coaches of male participation sports, Defendant pays the cost, but when substitute teachers are needed for female coaches or coaches of female participation sports, the cost is paid by the team's booster club.

i) allowance of coaches to enforce team rules in the face of opposition by parents of players

37.    On account of the same pretextual reasons for the suspension of and restrictions and limitations placed upon Plaintiff, on October 14, 2024, Defendant opened the position of Head High School Softball Coach for applications, for the first time in twenty-eight years.

38.    Ms. Tinner applied for the position.

39.    On November 18, 2024, Defendant hired David Buchinski, a male, as Softball Head Coach.

40. Ms. Tinner was, and is, more qualified for the position of Softball Head Coach than Mr. Buchinski.

41. Ms. Tinner was not hired for the position of Softball Head Coach on account of her sex, being female, and on account of the aforesaid sex discrimination against Plaintiff.

42. On January 13, 2025, Defendant replaced Plaintiff as Assistant Softball Coach with Kellie Cookus, a female.

43. Plaintiff was replaced as Assistant Softball Coach on account of the same sexually discriminatory reasons for which she has been suspended and restricted and limited as described herein.

44. Defendant has discriminated against, and continues to discriminate against, Plaintiff in the suspension, restriction, limitation and termination of her employment as Assistant Softball Coach on account of her sex, being female.

45. Despite demand, Defendant has not remedied this discrimination against Plaintiff.

46. Plaintiff has suffered damages in the form of loss of compensation, emotional distress, and other compensatory and consequential damages on account of this discrimination.

47.     The actions and omissions of Defendant were outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

## VII.   CAUSES OF ACTION

### COUNT I

### CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000e-2(a)

### DISCRIMINATION ON ACCOUNT OF SEX

48.     Paragraphs 1 through 47 of this Complaint are incorporated herein by reference as though set forth in full.

49.     The actions described herein were in violation of the civil rights of Plaintiff; occurred during the course of Plaintiff's employment with Defendant; and were carried out by Defendant and its agents, servants, and employees.

50.     The actions described herein were in violation of the civil rights of Plaintiff were committed by Defendant because of Plaintiff's sex.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant and prays:

a.     That this court declare that the practices in which Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b.    That this court permanently enjoin Defendant from engaging in discrimination against its employees on account of their sex;

c.    That this court permanently enjoin Defendant from discriminating against its employees on the basis of sex with regard to terms and conditions of employment;

d.    That this Court order reinstatement of Plaintiff to her former position and rate of pay;

e.    That this court order Defendant to pay to Plaintiff compensatory damages;

f.    That this Court order Defendant to pay to Plaintiff punitive damages;

g.    That this Court order Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action; and,

h.    That this Court award such other and further relief as may be just and equitable.

## COUNT II

### Violation of the Pennsylvania Human Relations Act (PHRA)
### 43 P.S. §§951, et seq.

### Discrimination on Account of Sex

51.    Paragraphs 1 through 50 of this Complaint are incorporated herein by reference as though set forth in full.

52.    The unlawful employment practices herein before stated constitute violations of the Equal Pay Act, 29 U.S.C. §206(d).

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant and prays:

a. That this Court declare that the practices in which Defendant has engaged are discriminatory and in violation of the PHRA;

b. That this Court permanently enjoin Defendant from engaging in discrimination against its employees on account of their sex;

c. That this Court permanently enjoin Defendant from discriminating against its employees on the basis of sex with regard to terms and conditions of employment;

d. That this Court order reinstatement of Plaintiff to her former position and rate of pay;

e. That this Court order Defendant to pay to Plaintiff compensatory damages;

f. That this Court order Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action; and,

g. That this court award such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ KIMBERLY D. BORLAND, ESQUIRE
Attorney ID #23673

Borland & Borland, L.L.P.
11th Floor, 69 Public Square
Wilkes-Barre, PA  18701
570-822-3311
570-822-9894  Fax
kborland@borlandandborland.com

Attorney for Plaintiff

## VERIFICATION

I, Jennifer Yanuskavich, verify that the averments made in the foregoing Complaint are true and correct. I understand thar false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: 07/31/2026

_____
JENNIFER YANUSKAVICH